UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKEL YOUNG, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-CV-2457-B-BW |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
| (OHIO), | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is pro se Plaintiff Mikel Young's "Motion for New Trial" filed on January 3, 2025 (Doc. 39) (the "Motion"). As there was no trial,[1] the Court construes the motion as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Having considered the Motion, record, and applicable law, the Court determines and hereby **DENIES** Plaintiff's Motion.

### I. BACKGROUND

The facts of this employment discrimination case have been summarized elsewhere in the record (*see* Doc. 34), so the Court will recount only the facts and procedural history that are pertinent. United States Magistrate Judge Brian McKay entered Findings, Conclusions, and Recommendation ("FCR") on November 12, 2024 (Doc. 34), and Plaintiff filed objections (Doc. 35). The Court reviewed de novo those portions of the FCR to which objection was made and reviewed the remaining portions for plain error. (*See* Doc. 37.) Finding no error, the Court

---

[1] Plaintiff's claims were dismissed by a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (*See* Doc. 38.)

1

accepted the FCR on December 27, 2024, and judgment was entered the same day, granting Defendant United Parcel Service, Inc.'s Motion for Summary Judgment (Doc. 25) and dismissing Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 56(a). (*See* Doc. 38.)

Plaintiff now moves for a "New Trial," and requests the following relief:

> There have been mistakes and errors with evidence need[ed] to be submitted in my case. With new evidence that I would like to use. The way I've presented my evidence will not allow a favorable outcome for me. So can I please be granted a new trial? I have some exhibits for the record. Including medical.

(Doc. 39.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59 provides the grounds for new trial and a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59. Regarding new trial, Rule 59(a) makes clear that a motion for new trial is appropriate when the case has been tried to a jury or to the court. Fed. R. Civ. P. 59(a); *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. 3:98-CV-0282-D, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999).

Regarding motions to alter or amend a judgment, Rule 59 states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v.*

*Associated Cont. Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, No. 3:04-CV-450-D, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008).

While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

### III.  DISCUSSION

Plaintiff's Motion fails to meet the first two narrow purposes for altering, amending, or otherwise reconsidering the Court's order in accordance with Rule 59(e). First, Plaintiff does not argue any intervening change in controlling law. Indeed, Plaintiff's Motion lacks citation to any case law or other legal authority. (*See* Doc. 39.)

Second, although Plaintiff refers to new evidence and states he has "some exhibits for the record[,] including medical," Plaintiff did not identify or authenticate the medical evidence attached to his Motion. (*See id.*) Furthermore, this "new evidence" appears to be the same exhibits submitted with Plaintiff's Motion to Object to Defendant's Reply/Response (Doc. 29) filed on October 7, 2023, considered as part of the summary judgment record and discussed in the FCR. (*See* Doc. 34 at 17-18; *compare* Doc. 29 at 3-17 *with* Doc. 39 at 3-18.)

Third, Plaintiff's Motion fails to show why or how the Court committed a manifest error of law or fact. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotation omitted). "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation omitted).

As explained in the FCR, Plaintiff's ADA claims were barred as a matter of law because he failed to file his lawsuit until more than 90 says after he received a Notice of Right to Sue letter from the EEOC; he failed to establish a prima facie case of discrimination or retaliation; and any workers' compensation retaliation claim under state law was both time barred and preempted by federal law. (*See* Doc. 35 at 20-29.) Thus, contrary to Plaintiff's contention, this new evidence has no bearing on the Court's ultimate conclusion that Defendant was entitled to judgment as a matter of law, for the reasons outlined above, and Plaintiff's claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56(a). (*See* Doc. 38.)

## IV.  CONCLUSION

For the reasons stated, Plaintiff's "Motion for New Trial" (Doc. 39), construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), is **DENIED**.

**SO ORDERED.**

**DATE: March 31, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE